JUSTICE NELSON
specially concurs.
¶ 12 I concur in our decision. Hopefully, the remand hearing will resolve another problem with the District Court’s decision. At page 4, lines 17 through 26 of its January 26,1999 order and memorandum, the court concludes that the subject contract is unenforceable because the parties’ performance is optional. At page 6, line 23, however, the court concludes that the contract is still in place. Both of these are legal conclusions, as opposed to factual determinations. Thus, we are presented with an unenforceable contract that is still in place — two legal conclusions that appear to me, at least, to be at odds with one another. I am not persuaded that an unenforceable contract is still “in place.” Likewise, I am not persuaded that if the contract is still “in place” that it is not enforceable.
¶ 13 My reading of Dr. Linn’s position on appeal is that she wants to present factual matters that go to breach via a summary judgment hearing. However, because of the aforementioned legal conclusions (and without passing on the correctness of either, one way or the other), a summary judgment hearing as to the facts is pretty much beside the point. If the contract is truly unenforceable breach is irrelevant. On the other hand, if the contract is “in place,” then Dr. Linn is entitled to present evidence regarding breach in opposition to summary judgment.
¶14 I agree with our decision to remand this case for a summary judgment hearing. Frankly, I am at a loss as to how else these legal issues are going to be otherwise resolved.